IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ZACHARY G. HERIN,

      Plaintiff,

v.

AEROTEK AFFILIATED SERVICES, INC. and WARNER PACIFIC INSURANCE
SERVICES, INC.,

      Defendants.

---

### DEFENDANT'S NOTICE OF REMOVAL

---

Defendant Aerotek Affiliated Services, Inc. ("Aerotek"), by and through undersigned counsel, removes this matter to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446. In support of this Notice of Removal, Aerotek states as follows:

### I.    PROCEDURAL HISTORY

1.    On September 30, 2022, Plaintiff Zachary G. Herin ("Plaintiff") commenced this action by filing a Complaint *pro se* in the District Court for the City and County of Denver, Colorado, against Defendant Warner Pacific General Insurance Agency and former Defendants Aerotek, Inc. and Allegis Group, captioned *Zachary Herin v. Aerotek Staffing And Recruiting/Allegis Group, et al.*, Case No. 2022CV000530. As required by 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** and incorporated herein by reference is a true and accurate copy of

the case file from the District Court for the City and County of Denver, Colorado, as obtained by Aerotek.

2.      Thereafter, Plaintiff retained counsel and filed an Unopposed Motion to Transfer Venue to Arapahoe County District Court and Set Deadlines to File First Amended Complaint and to Answer/Respond to Complaint.  Ex. A at pp. 26–28.  The court granted that motion transferring the case to Arapahoe County, giving Plaintiff 21 days to file an amended complaint, and the Defendants in that case 21 days after the amended complaint was filed to answer or respond to the amended complaint.  *Id*. at pp. 29–30.

3.      On December 5, 2022, Plaintiff filed his First Amended Complaint in the District Court for the County of Arapahoe, Colorado, captioned *Zachary G. Herin v. Aerotek Affiliated Services, Inc., et al*., Case No. 2022CV000275, naming for the first time the current and removing defendant Aerotek Affiliated Services, Inc.  As required by 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** and incorporated herein by reference is a true and accurate copy of the case file from the District Court for the County of Arapahoe, Colorado, as obtained by Aerotek.

4.      In the First Amended Complaint, Plaintiff asserts a single claim against Aerotek alleging a violation of Colorado's Public Health Emergency Whistleblower ("PHEW") Law, codified at C.R.S. § 8-14.4-101, *et seq*., and a single claim against Warner Pacific alleging negligence per se.  **Ex. B** at pp. 8–17. Plaintiff did not allege a specific amount of damages.

5.      In his First Amended Complaint, Plaintiff dropped all claims against Aerotek, Inc. and Allegis Group. *See generally id*. Plaintiff instead named as defendants: Aerotek Affiliated Service, Inc. and Warner Pacific Insurance Services, Inc. ("Warner Pacific").    *Id*.    On

[2]

December 23, 2022, the Court entered an Order dismissing Aerotek, Inc. and Allegis Group from the case. *Id*. at pp. 41–43.

6.    Warner Pacific executed a Wavier and Acceptance of Service on December 7, 2022 which Plaintiff filed on December 12, 2022. *Id*. at pp. 28–29.

7.    Aerotek executed a Waiver and Acceptance of Service on December 5, 2022 which Plaintiff filed on December 22, 2022. *Id*. at pp. 30–31.

## II.    CONSENT TO REMOVAL

8.    The defendant unanimity rule codified at 28 U.S.C. § 1446(b)(2)(A) requires that all defendants who have been properly joined and served must join in or consent to the removal of the action. Noting the consent of the other defendants in the notice for removal satisfies the requirements of section 1446 and, as such, all defendants need not formally join in the removal or file their own consent to removal. *Levin v. Five Corners Strategies, LLC*, 19-CV-01164-DDD-KLM, 2019 WL 13032294, at *2 (D. Colo. Sept. 13, 2019).

9.    Undersigned counsel has discussed removal with counsel for Warner Pacific. Counsel for Warner Pacific has confirmed his client consents to the removal of this action. See Carberry Aff., attached hereto as **Exhibit C**, at ¶ 3.

10.    Accordingly, because Warner Pacific consents to the removal of this action to federal court, all defendants properly joined and served have consented to the removal of this action for purposes of 28 U.S.C. § 1446(b)(2)(A).

## III.    TIMELINESS

11.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because the 30-day removal clock has not yet been triggered.

[3]

12.     This 30-day removal clock is either triggered through the service of the initial pleading or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(2)–(3).  "The 30-day clock does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable."  *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016).  "Any time the plaintiff wishes to start the 30-day clock, it can provide the defendant with an unambiguous notice of what is being claimed."  *Id*. at 1270.  Where, based on the complaint, the defendant can "only guess as to whether the claim exceed[s] $75,000…the complaint therefore fail[s] to put the defendant on notice of removability."  *Id*.  (cleaned up).

13.     Here, neither Plaintiff's Complaint nor Plaintiff's First Amended Complaint put Aerotek on notice of the right to remove through the service of the initial pleading because the complaints do not allege that damages exceed the federal jurisdictional amount of $75,000, or contain factual allegations from which the amount may be easily derived through arithmetic. *See Budnella v. USAA Gen. Idemnity Co.*, No. 20-CV-00944-KMT, 2020 WL 2847627, at *5 (D. Colo. June 2, 2020).

14.     As such, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because the 30-day removal clock was not triggered by the initial pleading.  Since that time, Aerotek has learned that the suit is removable.

[4]

## IV.    GROUNDS FOR REMOVAL

15.    A defendant may remove a state court action to federal district court where the district court has original jurisdiction over the action.  *See* 28 U.S.C. §1132.

16.    "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different states."  28 U.S.C. § 1332(a)(1).

17.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because: (1) there is complete diversity of citizenship among Plaintiff, Defendant Aerotek, and Defendant Warner Pacific; and (2) and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

18.    "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

19.    Venue for this removal action is proper in the United States District Court for the District of Denver because the territorial jurisdiction of this Court includes the District Court for the City and County of Denver, Colorado, in which Plaintiff filed his First Amended Complaint and where the action is currently pending.  *See e.g. Medel v. Pennymac Fin. Servs., Pennymac Loan Servs., LLC*, Civil Action No. 15-cv-01497-MSK-CBS, at *4 (D. Colo. Nov. 3, 2015); *Smith v. Currency Trading Intern., Inc.*, 10 F. Supp. 2d 1189, 0 (D. Colo. 1998) ("This action was removed from the District Court of the City and County of Denver, Colorado based on diversity

[5]

pursuant to 28 U.S.C. § 1441.").  Removal to this particular Court is therefore proper under 28 U.S.C. § 1441(a).

### a.    Diversity of Citizenship

20.    "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile.  To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006)(cleaned up).  Here, Plaintiff "is a citizen of Colorado who resides at 1350 N. Grant Street, Apt. 305, Denver, CO 80203."  First Am. Compl. ¶ 8 (**Ex. B** at pp. 8-17).

21.    For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

22.    Aerotek is a Maryland corporation,  organized under the laws of the State of Maryland, with its principal place of business in Hanover, Maryland.  See Colo. Sec'y State Certificate Good Standing and Periodic Report for Aerotek publicly filed with the Colo. Sec'y State, attached hereto as **Exhibit D**.[1]  As such, Aerotek is a citizen of Maryland.  *See* 28 U.S.C. §1332(c)(1).

23.    Warner Pacific is a California corporation with its principal place of business in Westlake Village, California.  See Colo. Sec'y State Certificate Good Standing and Periodic

---

[1] *Misiaszek v. California Cas. Indem. Exch.*, 20-CV-03388-PAB, 2021 WL 21907, at *2 (D. Colo. Jan. 4, 2021)(where defendant is a corporation, "report [defendant] filed with the Colorado Secretary of State that lists [a particular state] as the place of its formation and the location of its principal place of business…is sufficient to establish defendant's citizenship in [that particular state].").

[6]

Report for Warner Pacific publicly filed with the Colo. Sec'y State, attached hereto as **Exhibit E**.[1]

As such, Warner Pacific is a citizen of California.  *See* 28 U.S.C. §1332(c)(1).

24.    No change of citizenship of the parties has occurred since the commencement of this action. Accordingly, because Plaintiff is a citizen of Colorado, Defendant Aerotek is a citizen of Maryland, and Defendant Warner Pacific is a citizen of California, there is complete diversity of citizenship among the Parties for purposes of 28 U.S.C. §§ 1332, 1441.

**b.    Amount in Controversy**

25.    The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the notice of removal.  *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Where the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts, including "'contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence ... about how much it would cost to satisfy the plaintiff's demands.'"  *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006)).

26.    Defendant needs to show only by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum to show diversity jurisdiction exists.  *Bryant v. State FarmMut Auto. Ins. Co.*, No. 19-CV-02252-PAB-SKC, 2019 WL 6888279, at *2 (D. Colo. Dec. 18, 2019) (citing *McPhail*, 529 F.3d at 953).  Generally, "a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and

[7]

plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).  In that notice of removal, the defendant need only include "*a plausible allegation* that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 89 (emphasis added).  From there, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 87.

27.     Here, Plaintiff alleges a violation of the PHEW Law by Aerotek, specifically alleging that Aerotek violated the PHEW Law by terminating his employment and taking other adverse actions after Plaintiff alleges he engaged in protected activity under the PHEW Law.  First. Am. Compl. ¶ 59 (**Ex. B** at pp. 8-17.).

28.     In his First Amended Complaint, Plaintiff alleges he is entitled to: "(1) reinstatement, with or without backpay; (2) the greater of either (a) $10,000.00 or (b) any lost pay resulting from the violation; (3) any equitable relief the court deems appropriate; (4) compensatory damages; (5) punitive damages; and (6) reasonable attorneys' fees."  First Am. Compl. ¶ 60 (**Ex. B** at pp. 8–17.).

29.     Under the PHEW Law,  the court may award relief including: "(a) reinstatement or rehiring of a worker, with or without back pay; (b) the greater of either: (I) ten thousand dollars; or (II) any lost pay resulting from the violation, including back pay for a reinstated or rehired worker and front pay for a worker who is not reinstated or rehired; and (c) any other equitable relief the court deems appropriate."  C.R.S. § 8-14.4-106(2). In addition, C.R.S. § 8-14.4-106(3)(a) permits "the plaintiff may recover compensatory and punitive damages" "against a defendant who is found to have engaged in an intentional discriminatory, adverse, or retaliatory employment

practice." A plaintiff may also recover compensatory damages for "other pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." C.R.S § 8-14.4-106(3)(c). These compensatory and punitive damages are "in addition to, and do not include, front pay, back pay, interest on back pay" C.R.S. § 8-14.4-106(3)(e).

30.     Finally, the PHEW Law states that "[t]he court shall award reasonable attorney fees to a plaintiff who prevails in an action brought pursuant to this section." C.R.S § 8-14.4-106(5).

31.     Based on Aerotek's own investigation and Plaintiff's settlement demand made on December 20, 2022, Plaintiff's claimed damages exceed the jurisdictional limit.

32.     "[A] plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *McPhail,* 529 F.3d at 956. "[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *Id*. Additionally, conversations between counsel and oral statements or offers of settlement can be used to establish the amount in controversy. *See e.g. id.* at 956–57; and *Levings v. Interstate Distrib. Co.,* 10-CV-02384-JLK-MEH, 2010 WL 5072021, at *3 (D. Colo. Dec. 7, 2010).

33.     On December 20, 2022, undersigned counsel spoke with counsel for Plaintiff via telephone. **Ex. C** at ¶ 4. Plaintiff's counsel orally communicated a settlement demand from Plaintiff of $71,767.00. *Id*. Plaintiff's counsel specified that the demand includes "approximately:" (1) $46,000.00 in backpay; (2) $20,000.00 in compensatory damages; and

[9]

$8,200.00 in attorneys' fees incurred by Plaintiff "to date." *Id*. By Plaintiff's own estimation, the damages claimed, exclusive of attorney's fees, are at least $66,000.

34.     Where a plaintiff claims attorneys' fees, they are properly considered in determining the amount in controversy. *Washington*, 2013 WL 1412327, at *2–5; *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("[t]he Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship").

35.     Additionally, in determining the amount in controversy, the court should estimate the reasonable attorney's fees through trial. "In calculating reasonable attorney's fees, the Court will estimate the reasonable attorney's fees through trial because entitlement to attorney's fees [is] triggered upon Plaintiff prevailing at trial." *Bezona v. Essentia Ins. Co.,* 19-CV-03179-CMA-KMT, 2020 WL 373280, at *3 (D. Colo. Jan. 23, 2020). Attorney's fees alone can "push the amount of [P]laintiff's claim...above [the amount in controversy threshold]." *Id*. (citing to *TBM Land Conservancy,* 15–cv–00134–PAB–KLM*,* 2016 WL 10674152 at *3 (D. Colo. Aug. 8, 2016), quoting *Miera*, 143 F.3d at 1340).

36.     Here, Plaintiff's attorneys' fees through trial will push the amount of Plaintiff's claim above the amount in controversy threshold. Given that the most recent demand communicated by Plaintiff's counsel is approximately $71,767.00, including approximately $8,200 in attorneys' fees, any reasonable estimate of the attorney's fees through trial to which Plaintiff would be entitled if it prevailed in this lawsuit would result in an amount in controversy exceeding $75,000, as Plaintiff's attorneys will certainly charge another $3,233.00 in attorney's fees through trial. *See TBM Land Conservancy,* 2016 WL 10674152 at *2 (holding "***any***

*reasonable estimate of the attorney's fees* to which [plaintiff] would be entitled if it prevailed in this lawsuit would result in an amount in controversy exceeding $75,000" in case where Plaintiff's complaint sought $71,341.36 in damages, excluding attorneys' fees, notwithstanding that the removing defendants put forth no evidence of the amount of attorney's fees incurred by [plaintiff] in this litigation at the time of removal and offer no estimate of the fees [plaintiff] would incur through trial") (emphasis added).

37.    The rates charged by Plaintiff's attorneys in other employment cases further establish that Plaintiffs' attorneys' fees through trial will push the amount of Plaintiff's claim above the amount in controversy threshold.  Plaintiff is represented by two employment attorneys in this case, Mr. Adam M. Harrison and Ms. Claire E. Hunter, both of the Denver office of HKM Employment Attorneys, LLP.  **Ex. B** at 5.  In another recent employment case, Ms. Hunter's rate was $425 an hour.  *See Motion for Interest, Costs, and Attorney's Fees*, *Dabit v. Alternative Support, Inc.,* Case No. 1:20-cv-01024-CMA-STV (D. Colo Dec. 7, 2021), attached hereto as **Exhibit F**.  Mr. Harrison has a similar level of experience as Ms. Hunter and, as such, likely has a similar rate.[2] *See* attorney biographies, attached hereto as **Exhibit G** (Mr. Harrison and Ms. Hunter graduated from law school in 2009 and 2007, respectively).

38.    Notably, Mr. Harrison first entered his appearance on October 31, 2022, after Plaintiff filed his initial Complaint *pro se*, and approximately seven (7) weeks prior to the oral settlement offer on December 20, 2022. **Ex. A** at 2.  ***At the time of the oral settlement offer, Plaintiff's attorneys' fees already totaled "about $8,200.00*."  **Ex. C** at ¶ 4. It is clearly reasonable

---

[2] Another employment attorney at the Denver office of HKM Employment Attorneys, LLP with slightly less experience, Ms. Shelby Woods, a 2012 law school graduate, charged a rate of $400 per hour in the *Dabit v. Alternative Support, Inc.* case. *See* **Exs. F, G**.

[11]

that, given the complexities of this employment case, and as the parties have not yet engaged in any written discovery or taken depositions, Plaintiff's counsel will bill at least nine more hours, or about $3,600,[3] on this case through trial to push Plaintiff's current settlement demand of $71,767.00 over the jurisdictional threshold. *See TBM Land Conservancy,* 2016 WL 10674152 at *2–3 (*citing Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 (C.D. Cal. Mar. 3 2015) for the proposition that 100 hours is an appropriate estimate for the number of hours that would be expended through trial in an employment case).

39.    Accordingly, because the amount in controversy is in excess of $75,000, the amount-in-controversy requirement is satisfied for purposes of 28 U.S.C. §§ 1332, 1141.

## V.    CONCLUSION

40.    Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office.

41.    Pursuant to D.C.Colo.LCivR 81.1, copies of all pleadings and orders are attached and filed with this notice as Exhibits A and B.

42.    Pursuant to D.C.COLO.LCivR 81.1(c), Aerotek states that no hearings have been set in the state court action.

43.    Pursuant to D.C.COLO.LCivR 3.1, a Civil Cover Sheet is being filed contemporaneously with this Notice of Removal.

44.    Pursuant to 28 U.S.C. § 1446(a), this pleading is being signed under Fed. R. Civ. P. 11.

DATED this 18th day of January, 2023.

---

[3] Assuming the lower rate of $400 per hour. *See* **Ex. F.**

[12]

**Husch Blackwell LLP**

*/s/Tessa F. Carberry*

Jamie Steiner, Reg No. 49304
Tessa F. Carberry, Reg No. 54066
1801 Wewatta Street, Suite 1000
Denver, CO 80202
P: (303) 749-7200
F: (303) 749-7272
Jamie. Steiner@huschblackwell.com
Tessa.Carberry@huschblackwell.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system on this 19th day of January, 2023.  The following will be served via email:

Claire E. Hunter, No. 39504
Adam M. Harrison, No. 50553
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, Colorado 80202

*Attorneys for Plaintiff*

Christopher R. Jones
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth St., Suite 3400
Denver, Colorado 80202

*Attorneys for Defendant Warner Pacific Insurance Services, Inc.*

/s/ *Tessa F. Carberry*

[13]